UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00056-FDW

| | |
|---|---|
| JIMMY SEVILLA-BRIONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Jimmy Sevilla-Briones's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and his Motion to Appoint Counsel (Doc. No. 5).

**I.      BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on January 24, 2013, was convicted by a jury in Mecklenburg County Superior Court of two counts of trafficking methamphetamine and one count of conspiracy to traffic methamphetamine. Petitioner was sentenced to two consecutive terms of 90-120 months in prison. (§ 2254 Pet. 1-2, Doc. No. 1.)

He appealed, and on October 7, 2014, the North Carolina Court of Appeals issued an unpublished opinion finding that no prejudicial error occurred in either Petitioner's trial or sentencing. State v. Sevilla-Briones, 765 S.E.2d 554, 2014 WL 4978535 (N.C. Ct. App. 2014) (unpublished). The North Carolina Court of Appeals summarized the State's evidence as follows:

> In the autumn of 2012, a confidential informant ("the CI") paid by the Drug Enforcement Agency ("DEA") reported to officers of the Charlotte–Mecklenburg Police Department ("CMPD") that Defendant Jimmy Antonio Sevilla–Briones was

1

> claiming to have access to large amounts of methamphetamine. Beginning in November 2012, the CI initiated three purchases of methamphetamine from Defendant at the behest of CMPD Officer Eric Duft and DEA Agent James Billings. On 15 November 2012, the CI purchased 2.5 grams of methamphetamine from Defendant, and, on 29 November 2012, the CI bought two ounces of methamphetamine from Defendant (collectively, "the November sales"). The CI then set up a buy of 1 kilogram of methamphetamine to take place on 3 December 2012. The CI, wearing an audio transmitter that intermittently broadcast the transaction to law enforcement officers, met Defendant at a grocery store. They agreed to meet later that afternoon to complete the sale. Defendant arrived for completion of the transaction in a Toyota driven by Alberto Salizar. Following the sale to the CI, CMPD officers arrested Defendant and Salizar at the scene. Based on the 3 December 2012 transaction, Defendant was subsequently charged with trafficking 200 grams or more but less than 400 grams of methamphetamine by possession and transportation, and conspiracy to traffic 200 grams or more but less than 400 grams of methamphetamine.

Id. at * 1. Petitioner did not seek discretionary review of the appellate court's decision in the North Carolina Supreme Court.

On March 20, 2015, Petitioner filed a motion for appropriate relief ("MAR") in the Mecklenburg County Superior Court. The court denied the MAR on April 6, 2015. On April 29, 2015, Petitioner filed a petition for writ of certiorari ("PWC") in the North Carolina Court of Appeals, seeking review of the denial of his MAR. The PWC was denied on May 9, 2015. (State's Dec. 13, 2016 Resp. to PWC ¶¶ 3-4, Doc. No. 1-3.)

On November 30, 2016, Petitioner filed a pleading in the North Carolina Court of Appeals seeking "an appeal from the original appeal" or "an appeal from the original proceedings." (State's Dec. 13, 2016 Resp. to PWC ¶ 5.) The court construed the pleading as a PWC and denied it on December 15, 2016. (Order Den. 2016 PWC, Doc. No. 1-1 at 17.)

Petitioner filed the instant § 2254 habeas Petition in this Court on February 9, 2017. Although he states a number of grounds for relief, he does not supply any supporting facts for some of them, which is a violation of Rule 2 of the Rules Governing Section 2254 Cases in the

United States District Courts. (Doc. No. 1.) Petitioner also has filed a Memorandum of Support which, in addition to being very difficult to follow, makes a number of allegations that do not clearly correspond to the grounds for relief listed in his habeas Petition – another violation of Rule 2 of the Rules Governing Section 2254 Cases. (Doc. No. 1-1.)

In short, it has been exceedingly difficult for the Court to determine what claims Petitioner actually has raised. The following are "claims" the Court has been able to piece together from the habeas Petition (Doc. No. 1) and Memorandum of Support (Doc. No. 1-1): 1) law enforcement did not have probable cause to arrest Petitioner without a warrant; 2) the arrest warrants issued after Petitioner's arrest were defective; 3) Petitioner's criminal prosecution, defense, and appellate review were sabotaged by the State pursuant to 18 U.S.C. § 2151; 4) Petitioner's indictments were duplicative in violation of the Double Jeopardy Clause; 5) there was insufficient evidence to convict Petitioner of conspiracy to traffic methamphetamine; 6) evidence against Petitioner was admitted in violation of the North Carolina Rules of Evidence; 7) Petitioner was denied his right to confrontation when the trial court refused to require the State to reveal the identity of the confidential informant; 8) Petitioner was the victim of racial profiling; 9) the prosecutor retaliated against Petitioner because he refused to accept a plea offer; 10) counsel rendered ineffective assistance with respect to the State's plea offer; and 11) the State failed to disclose favorable, material evidence to the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963).

The Court subsequently entered an Order pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), notifying Petitioner that his habeas Petition appeared to be untimely, and providing him an opportunity to explain why it should not be dismissed as such. (Doc. No. 2.) Petitioner filed a Response, captioned Motion to Alter or Amend Judgment (Doc. No. 3), two

Memorandums of Law (Doc. Nos. 4, 6) and a Motion to Appoint Counsel (Doc. No. 5).

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

### A. Motion to Appoint Counsel

There is no constitutional right to the appointment of counsel in a § 2254 proceeding. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949). Instead, appointment of counsel is governed by Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases, which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Neither of those situations apply here.

Additionally, the Court has the discretion to appoint counsel to financially eligible persons in a § 2254 action upon finding that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Petitioner has not shown circumstances demonstrating the need for appointment of counsel in this case. Accordingly, Petitioner's motion for appointment of counsel shall be denied.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). A § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in Petitioner's criminal case on January 24, 2013, when he was sentenced. The North Carolina Court of Appeals denied Petitioner's direct appeal on October 7, 2014. Petitioner then had thirty-five days, up to and including November 11, 2014, to file a petition for discretionary review in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Petitioner did not petition the North Carolina Supreme Court for discretionary review. Therefore, judgment became final on November 11, 2014, when the time

5

for seeking direct review expired.  See § 2244(d)(1)(A).

The federal statute of limitations then ran for 129 days until March 20, 2015, when Petitioner filed his MAR.  The limitations period was tolled until May 8, 2015, when the North Carolina Court of Appeals denied Petitioner's first PWC.  See § 2244(d)(2).  The statute of limitations resumed and ran for another 236 days until it fully expired on or about December 30, 2015, more than a year before Petitioner filed the instant habeas Petition.  None of Petitioner's filings in the state courts after that date served to resurrect or restart the federal statute of limitations.  See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period).  Thus, absent equitable tolling or application of one of the other provisions of § 2244(d)(1), the § 2254 Petition must be dismissed as untimely.

In his Response to the Court's Hill Notice, Petitioner asserts that he discovered new evidence in September 2016 that "proved to have a significant impact on his absolute innocence."  (Resp. 2, Doc. No. 3.)  Petitioner contends that discovery of that new evidence restarted the statute of limitations.  (Resp. 2.)  It appears that Petitioner is attempting to take advantage of both 28 U.S.C. § 2244(d)(1)(D), and the "miscarriage of justice" exception to the statute of limitations announced in McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).

Under § 2244(d)(1)(D), the statute of limitations runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  In McQuiggin, the Supreme Court recognized a "miscarriage of justice" exception to § 2244(d)(1)(D).  133 S. Ct. at 1928.  Under this exception, a credible showing of actual innocence may allow a petitioner to pursue his constitutional claims on the merits notwithstanding expiration of the statute of limitations.  Id. at 1931.  A "credible showing of

6

actual innocence" requires a petitioner to "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

Neither § 2244(d)(1)(D) nor McQuiggin apply here. The facts alleged in the Memorandum of Support (Doc. No. 1-1) make it clear that, with the possible exception of Petitioner's Brady claim, the factual predicates for all of the claims raised in the instant habeas Petition were known to him, or could have been discovered through the exercise of due diligence, by the time his judgment became final. For example, on direct appeal, Petitioner challenged the trial court's refusal to require the State to identify the confidential informant. See Sevilla-Briones, 2014 WL 4978535. Thus, the factual predicate for Petitioner's confrontation clause claim was known to him prior to appeal. Accordingly, the statute of limitations for the claims raised in the instant Petition would have not have begun any later under § 2244(d)(1)(D) than it did under § 2244(d)(1)(A).[1]

---

[1] Among the claims raised in the Petition is that Petitioner was a victim of racial profiling. This allegation appears to be connected to his assertion that Alberto Salizar, with whom he was arrested, was under surveillance by the DEA for several months prior to the two men's arrest. Petitioner does not explain the connection with any coherency, but his claim may be that because Salizar is Hispanic and was under surveillance by the DEA, law enforcement assumed Petitioner also was a drug dealer because he, too, is Hispanic and worked for Salizar as a house-painter. Whatever the nature of that connection, Petitioner acknowledges learning of the DEA's surveillance of Salizar prior to his direct appeal. (Ground Two, § 2254 Pet. 3 ("Petitioner tried very diligently to get his defense counsel to introduce this evidence on appeal.").) Accordingly, the factual predicate for Petitioner's racial profiling claim was known to him prior to his conviction becoming final.

Furthermore, Petitioner does not identify any new evidence he has discovered. In his Response, Petitioner states that his "newly discovered evidence" consists of:

> the prosecution sabotaged his defense; 2) sabotaged his appellate review; 3) denied an impartial jury; 4) denied his opportunity to confront his accuser; 5) denied his right to effective counsel at trial; 6) his right to effective counsel on appellate review as of right; 7) access to evidence violations of Brady; 8) retaliation by prosecution for not accepting plea offer – exercising his right to a jury trial where he was denied an opportunity to stage a defense.

(Resp. 3-4.) This a series of legal conclusions, not evidence. As noted, to make a credible showing of "actual innocence," Petitioner must support his claims of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. So, to support his claim of a Brady violation, for example, Petitioner must identify the evidence he has "newly discovered" the State suppressed. Petitioner, however, fails to identify in his Petition, Memorandum of Support, or Response any evidence allegedly suppressed by the State. Nor does he identify any evidence discovered after judgment became final that supports the legal conclusions he has made or the claims he has raised in his Petition.

In sum, § 2244(d)(1)(D) simply does not apply to any of the claims raised in the § 2254 Petition and, by extension, neither does the "miscarriage of justice" exception. The Petition is untimely because it was filed more than a year after judgment became final. See § 2244(d)(1)(A). Therefore, unless equitable tolling applies, the Petition must be dismissed.

In his first Memorandum of law, Petitioner argues that he is entitled to equitable tolling of the statute of limitations because he is a non-English speaker, has no legal training, and was not advised by trial or appellate counsel of the one year statute of limitations for filing a federal habeas petition. (Doc. No. 4.) Equitable tolling of a habeas petition is available only when the

petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

"[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same)). Nor is a petitioner's status as a non-English speaker "extraordinary" or, for that matter, outside his own control. Petitioner has not demonstrated that equitable tolling is appropriate in his case.

## IV. CONCLUSION

The § 2254 Petition is untimely under § 2244(d)(1)(A), and Petitioner has failed to meet the requirements for equitable tolling of the statute of limitations. Consequently, the Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** as untimely, see 28 U.S.C. § 2244(d)(1)(A);

2. Petitioner's Motion to Appoint Counsel (Doc. No. 5) is **DENIED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 14,

Frank D. Whitney
Chief United States District Judge